**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**SANTIAGO SANTILLANA**,

Petitioner,

Case No.: 5:14-cv-12474

v.

**MARK COLLINS, Acting Warden
FCI-Beckley,**

Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On March 17, 2014, Santiago Santillana (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). Pending before the Court are Petitioner's petition, Petitioner's Motion for Summary Judgment, (ECF No. 9), and Respondent's Motion to Dismiss or Transfer. (ECF No. 10).[1] This case is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus, **DENY** Petitioner's Motion for Summary Judgment, **GRANT**

---

[1] Petitioner has also filed a Motion Submitting Objections to the Respondent's Unjustifiable and Dilatory Memorandum in Support of Motion Seeking to Enlarge Time to Respond, (ECF No. 17), which was referred to the undersigned. Because the undersigned granted Respondent's motion for an enlargement of time to respond to the petition for good cause shown, (ECF No. 16), the undersigned **DENIES** Petitioner's Motion Submitting Objections as moot.

Respondent's Motion to Dismiss or Transfer, and **DISMISS** this action from the docket of the Court.

## I.   <u>Introduction</u>

On August 19, 2005, in the United States District Court for the Eastern District of Michigan, Petitioner pled guilty to two counts of use of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). (ECF No. 10-1 at 4, 28). Specifically, Petitioner pled guilty to offenses that occurred on December 20, 2000 and January 16, 2001. (*Id.* at 28). In a Guilty Plea Questionnaire signed by Petitioner on August 19, 2005, and filed with the district court on November 16, 2005, Petitioner admitted to being a lookout on both dates while his cohorts went into a drug house armed with guns and stole drugs. (ECF No. 10-1 at 4; ECF No. 20-1 at 4). On December 12, 2005, after granting the Government's motion for a downward departure, the district court sentenced Petitioner to eighty-four months' imprisonment for the December 2000 offense, and one hundred fifty-six months' imprisonment for the January 2001 offense, with the latter sentence to run consecutively to the former. (ECF No. 10-1 at 4, 25-26, 29; ECF No. 11 at 2). Petitioner was also sentenced to three years of supervised release on each count to run concurrently. (ECF No. 10-1 at 30). On January 10, 2006, the district court entered its judgment reflecting Petitioner's guilty plea and sentence. (*Id.* at 4, 28-32).

On January 19, 2006, Petitioner filed a notice of appeal in the district court. (*Id.* at 4). On appeal to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), Petitioner challenged his sentence on a variety of grounds. *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008). On August 27, 2008, the Sixth Circuit affirmed Petitioner's sentence. *Id.* at 433. Petitioner then sought a writ of certiorari from

the Supreme Court of the United States, which was denied on October 20, 2008. *Santillana v. United States*, 555 U.S. 975, 129 S.Ct. 469, 172 L.Ed.2d 337 (2008).

On August 31, 2009, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. (ECF No. 10-1 at 5). In the motion, Petitioner alleged that his counsel was ineffective at the sentencing hearing for failing to object to the sentence imposed on the basis that it violated the Double Jeopardy Clause. (*Id.* at 41, 56-57). On May 6, 2010, the district court issued an order denying Petitioner's § 2255 motion on the merits. (*Id.* at 5, 65).

On March 17, 2014, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[2] (ECF No. 2). In the petition, Petitioner asserts that he is actually innocent of the December 2000 offense to which he pled guilty. (*Id.* at 6). Petitioner also insists that his counsel was ineffective for a number of reasons and that the sentencing court committed a variety of errors in fashioning his sentence. (*Id.* at 6-8). On April 22, 2014, the undersigned ordered Respondent to answer or otherwise respond to the petition within sixty days of the entry of the order. (ECF No. 6 at 1). On July 15, 2014, Petitioner filed a Motion for Summary Judgment on the ground that Respondent had failed to respond to the petition within the time frame permitted. (ECF No. 9 at 2). On July 18, 2014, Respondent filed a motion for an extension of time to respond to the petition and a Motion to Dismiss or Transfer, arguing that the petition was actually a successive § 2255 motion despite its label as a § 2241 petition, and requesting that the Court dismiss the petition rather than transfer it to the Sixth Circuit as a motion seeking pre-filing authorization. (ECF No. 10 at 1; ECF No. 12). The

---

[2] Petitioner was incarcerated at Federal Correctional Institution-Beckley in West Virginia at the time that he filed his § 2241 petition. (ECF No. 2 at 1). A search of the Inmate Locator on the Federal Bureau of Prisons website shows that Petitioner is still incarcerated at FCI-Beckley as of January 13, 2015.

undersigned granted Respondent's motion for an extension of time for good cause shown and accepted the Motion to Dismiss or Transfer as timely filed. (ECF No. 15). On July 30, 2014, Respondent filed a brief in opposition to Petitioner's Motion for Summary Judgment. (ECF No. 18). On September 4, 2014, Petitioner filed a memorandum responding to the Motion to Dismiss or Transfer, (ECF No. 19), and on September 11, 2014, Respondent filed a reply brief. (ECF No. 20). Petitioner filed another responsive memorandum on October 17, 2014. (ECF No. 21). Accordingly, the pending motions have been thoroughly briefed and are ready for disposition.

II.   **Discussion**

**A. Petitioner's Motion for Summary Judgment**

Petitioner has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, alleging that Respondent's failure to timely answer the § 2241 petition entitles Petitioner to summary judgment. (ECF No. 9 at 2). According to Petitioner, Respondent's failure to contest the petition within the time frame allowed by the Court acts as a concession by Respondent that the claims in the petition are meritorious. (*Id.*) In opposition, Respondent argues that when the undersigned granted Respondent's motion for an extension of time to address the petition, Petitioner's motion for summary judgment became moot because the sole ground asserted in support of summary judgment was Respondent's failure to answer the petition. (ECF No. 18 at 2). Respondent adds that summary judgment is "generally an inappropriate vehicle to dispose of habeas corpus petitions," (*Id.* at 3), and even if summary judgment was a suitable method of resolving the matter, in this case Santillana's motion must fail because his petition lacks merit; thus, Petitioner is not entitled to judgment as a matter of law.

4

The undersigned agrees that Petitioner's motion for summary judgment is without merit, and there are at least two reasons to recommend its denial. First, as Respondent points out, the undersigned granted, for good cause, Respondent's motion for an extension of time to answer the petition and allowed Respondent to file his Motion to Dismiss or Transfer beyond the deadline. (ECF No. 15). Consequently, Petitioner's sole basis for summary judgment is moot. Second, Petitioner misunderstands the legal burden he must satisfy to succeed on a summary judgment motion. A movant may obtain summary judgment in his favor when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A nonmovant may oppose a motion for summary judgment by demonstrating the existence of genuine issues of material fact. However, the failure of the nonmovant to oppose a motion for summary judgment does not alone entitle the movant to the relief sought. Rather, the movant must still show that judgment in his favor is warranted **_as a matter of law_**.

Here, Petitioner demands judgment simply because Respondent failed to contest the habeas petition within the time frame set by the Court. In other words, Petitioner seeks the equivalent of a default judgment. *See* Fed. R. Civ. P. 55 (providing procedure for obtaining entry of default and default judgment when party against whom judgment is sought has failed to plead or otherwise defend against action). The law is well-settled that resolving a habeas corpus petition on the ground of "default" is disfavored and generally inappropriate. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("[D]efault judgment is not contemplated in habeas corpus cases."); *Bermudez v. Reid*,

5

733 F.2d 18, 21 (2d Cir. 1984) (recognizing that default judgment in habeas proceedings is different than default judgment in other civil cases because, without reaching merits of habeas claims, "it would not be the defaulting party but the public at large that would be made to suffer" the consequences of granting prisoner default judgment); *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) (recognizing burden of granting default judgment in habeas case to petitioner "fall[s] upon the community at large"); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (holding default judgment does not apply to habeas corpus cases); *Guerra v. Atkinson*, No. 4:13-2062, 2014 WL 1400808, at *1, *7-*8 (D.S.C. Apr. 10, 2014) (adopting report and recommendation wherein magistrate judge recommended denying petitioner's motion for summary judgment based on respondent's failure to timely respond to petition); *Mykolaitis v. Howes*, No. 2:10-cv-11903, 2011 WL 3624949, at *26 (E.D. Mich. June 28, 2011) (report and recommendation recommending that petitioner's motion for summary judgment based on respondent's failure to timely respond be denied because, in part, petitioner essentially sought default judgment, which was unavailable in habeas corpus context); *United States v. Smith*, No. 1:05-cv-0175, 2007 WL 5161771, at *4-*5 (S.D.W.Va. July 25, 2007) (recognizing that "courts are reluctant to award default judgment in the habeas setting" and denying petitioner's motion for default judgment).

Having thoroughly considered the matter, because the ground for relief underlying Petitioner's motion for summary judgment is moot and relief based on that ground is clearly disfavored, the undersigned **RECOMMENDS** that Petitioner's motion for summary judgment be **DENIED**.

### B. Petitioner's § 2241 Petition

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a

federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates a narrow opening through which a petitioner may pass when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL

7

670850 (S.D.W.Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, despite his numerous protestations to the contrary, Petitioner challenges the validity of his federal judgment and sentence by asserting that his trial counsel was ineffective, that the sentencing court committed error in fashioning his sentence, and that he is actually innocent of one of the firearms charges to which he pled guilty; thus, his claims must be brought pursuant to 28 U.S.C. § 2255, unless he can show under the savings clause that § 2255 is inadequate or ineffective. *See, e.g.*, *Bender v. Carter*, No. 5:14-CV-35, 2014 WL 6775627, at *1 (N.D.W.Va. Dec. 2, 2014) (recognizing that claim of actual innocence challenges validity of federal judgment); *Taylor v. Berkebile*, No. 5:09-cv-00190, 2010 WL 2598551, at *2 (S.D.W.Va. June 24, 2010) (recognizing that claims of ineffective assistance of counsel and challenges to sentences are properly brought in § 2255 motion as challenges to validity of federal judgment and sentence); *Leggett v. Felts*, No. 5:05-cv-00954, 2009 WL 440972, at *1, *3 (S.D.W.Va. Feb. 23, 2009) (adopting PF&R recognizing same). Petitioner makes no such showing. Although he argues that he is actually innocent of the 2000 firearms offense and devotes much of his responsive briefs to setting forth the legal standard for actual innocence, he does not claim that he was properly found guilty at the time of his conviction, and is now innocent due to an intervening change of substantive law. Instead, he contends that he was mistakenly found guilty; that he was always innocent of the December 2000 offense for the simple reason that he was not at the scene of the crime when it occurred, and he supports this contention with an affidavit from a former co-defendant, Gus Eggers. (ECF No. 2 at 2, 62). While Petitioner cites *United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), and *Jones* for the proposition that claims of actual innocence automatically qualify for consideration under the savings clause contained in

8

§ 2255(e), neither case supports that proposition. (ECF No. 19 at 2-3). As stated above, *Jones* established that for an actual innocence claim to pass through the savings clause portal, there must be an intervening change in substantive law underlying the charge of conviction. 226 F.3d at 333-34. Nothing in *Poole*, which concerned temporary custody arrangements in the habeas corpus jurisdictional context, altered the holding in *Jones*. *See Poole*, 531 F.3d at 264; *see also Rice*, 617 F.3d at 807 (applying *Jones* test post-*Poole*).

Petitioner also relies on *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), in asserting his innocence. In *Bailey*, the Supreme Court narrowed the definition of "use" of a firearm under 18 U.S.C. § 924(c)(1) to mean "active employment of [a] firearm."[3] 516 U.S. at 144. Clearly, the Court's decision in *Bailey* cannot serve as a change in substantive law supporting Petitioner's innocence since that decision was published in 1995, and Petitioner's plea to the firearms convictions did not occur until 2005.

Furthermore, Petitioner's claims of ineffective assistance of counsel and sentencing errors do not fall within the category of claims contemplated by the savings clause as clarified by the *Jones* test. To the extent that Petitioner's claims of ineffective assistance of counsel relate to his actual innocence, again he has not alleged any intervening change in substantive law to support his claims. In addition, claims that solely challenge a sentence, rather than a conviction, are not appropriately brought under the savings clause in the Fourth Circuit. *See Poole*, 531 F.3d at 267 n. 7 ("Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners

---

[3] The Court's decision in *Bailey* was later superseded in 1998 when Congress amended § 924(c) "to criminalize possession of a firearm in furtherance of certain crimes." *United States v. Lomax*, 293 F.3d 701, 703-04 (4th Cir. 2002) (markings omitted).

9

challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333-34); *see also Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (citing *Poole* and holding that challenge to armed career criminal status is not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (declining to extend savings clause to sentencing challenges); *Hayes*, 2014 WL 670850, at *8 (finding that "sentencing issues cannot be presented in § 2241 petitions"), *aff'd*, 573 F. App'x 268 (4th Cir. 2014). Accordingly, contrary to his contention, Petitioner cannot satisfy the *Jones* criteria; thus, his claims are not cognizable under § 2241.

Given that Petitioner's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, the Petitioner's claim is at an end in this jurisdiction. If the Court chooses to dismiss Petitioner's action, then he will be required to pursue his claim in the United States District Court for the Eastern District of Michigan because, unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see Poole*, 531 F.3d at 264, § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the Court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.[4]

Nevertheless, there seems to be no purpose in construing Petitioner's action as a

---

[4] Before recharacterizing a petitioner's § 2241 petition as his or her *first* § 2255 motion, a district court must warn the petitioner about the consequences of the recharacterization and allow the petitioner to either object to the recharacterization or withdraw or amend the petition. *See Camarillo-Chagoya v. Hogsten*, 553 F. App'x 341, 342 (4th Cir. 2014) (citing *Castro v. United States*, 540 U.S. 375, 384, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)). Because Petitioner has previously filed a § 2255 motion in the sentencing court, that warning procedure is not required in this case. *See Castro*, 540 U.S. at 383.

§ 2255 motion; particularly, when considering that he has already filed a § 2255 motion in the sentencing court, which was denied. (*See* ECF No. 10-1 at 5). Moreover, Petitioner's apparent lack of a certificate from the Sixth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), removes any benefit to be gained from a transfer to the sentencing court.[5] *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W.Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W.Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Finally, as Respondent points out, the Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Sixth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could

---

[5] While § 2255 does not define the term "second or successive," Petitioner's § 2241 petition, if construed as a § 2255 motion, would be a successive § 2255 motion because his previous § 2255 motion challenging the same sentence was dismissed on the merits by the sentencing court and the facts relied on by Petitioner in support of his current claims existed at the time of his first § 2255 motion. *See Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002) ("In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits."), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011); *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) (recognizing that § 2255 does not define what constitutes "second or successive"); *cf. United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that "a numerically second § 2255 motion should not be considered second or successive" where facts relied on by movant in support of motion did not exist at time first § 2255 motion was filed); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (distinguishing Fed. R. Civ. P. 60(b) motions and successive § 2255 motions, and stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Thus, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

On the other hand, the undersigned notes that the Sixth Circuit—the court to which this case would be transferred—*does* have a blanket policy requiring its district courts to transfer all successive § 2255 motions to the court of appeals so that the court may decide the issue of preauthorization. *United States v. Gastelum-Lara*, 478 F. App'x 303, 305 (6th Cir. 2012); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Berry v. United States*, No. 05-cr-20048, 2014 WL 6668488, at *2 (E.D. Mich. Nov. 24, 2014). In addition, unlike the Fourth Circuit, which does take timeliness into account when deciding whether a successive § 2255 motion should be permitted, the Sixth Circuit does not consider the timeliness of a successive motion at the pre-filing authorization stage. *Compare In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014), *with In re McDonald*, 514 F.3d 539, 543 (6th Cir. 2008). However, the Sixth Circuit's decisions do not control this

12

Court's actions, and any appeal of this Court's order would be controlled by Fourth Circuit precedent.

For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the petition, Petitioner has not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Petitioner maintains throughout his petition and his briefs that he is actually innocent because he was not at the scene of the crime on December 20, 2000. (ECF No. 2 at 16; ECF No. 19 at 4; ECF No. 21 at 5). As stated above, Petitioner attached an affidavit from a co-defendant supporting his belated alibi defense. (ECF No. 2 at 62). Presumably then, Petitioner would argue that his successive motion should be authorized pursuant to § 2255(h)(1).

Regardless of how Petitioner frames it, though, his purportedly "newly discovered" evidence is hardly newly discovered. At the time of his plea hearing, Petitioner certainly knew of his own whereabouts on December 20, 2000. If Mr. Eggers's statement is true, then Petitioner knew that he was with Mr. Eggers on December 20, and he could have obtained support for his alibi defense from Mr. Eggers before his plea hearing. *See Arredondo v. United States*, 178 F.3d 778, 782 n.3 (6th Cir. 1999) (noting that movant's "improved memory" was not newly discovered evidence); *United States v. Seiser*, 112 F.3d 507, 1996 WL 606603, at *2 (2d Cir. Oct. 23, 1996)

(unpublished table decision) (finding that evidence known to petitioner at time of sentencing and direct appeal could not constitute new evidence); *Goldman v. Keller*, No. 1:11CV258, 2012 WL 2904577 (M.D.N.C. July 16, 2012) (report and recommendation stating evidence known to petitioner at time of guilty plea was not new); *Sawyer v. United States*, No. 2:09-cv-634, 2011 WL 127144, at n.3 (E.D.Va. Jan. 13, 2011) (recognizing that evidence known to movant at time of guilty plea was not newly discovered evidence). Yet, Petitioner chose to plead guilty and admit the facts underlying the December 20, 2000 offense. (ECF No. 20-1 at 4). To be clear, this is not a case where an eyewitness who was previously unknown to a petitioner is discovered, or a witness recants earlier testimony after an initial § 2255 motion is filed and denied; instead, this case involves a claim that the *newly discovered evidence* is Petitioner's *own knowledge* of where he was and whom he was with at the time of the crime. *Cf. United States v. Levy-Cordero*, 156 F.3d 244, 248 (1st Cir. 1998) ("A convicted criminal cannot successfully lay claim to a new trial when, years after his conviction, his friends suddenly provide a new alibi unsupported by anything other than their collective word."). Such evidence does not fit within any definition of "newly discovered." *See Le Grand v. Yates*, 585 F. App'x 641, 642 (9th Cir. 2014) (recognizing petitioner's own post-trial alibi statement was not newly discovered evidence); *United States v. Smith*, 306 F. App'x 541, 542 (11th Cir. 2009) (holding alibi evidence produced by defendant post-trial was not new evidence); *Janke v. Novac*, 42 F. App'x 107, 111 (10th Cir. 2002) (rejecting claim that evidence of alibi was newly discovered where petitioner alleged that he only realized date of offense post-trial and later found alibi witness for specific date of offense); *McKissick v. Warden Evans Corr. Inst.*, No. 2:12-cv-00015, 2013 WL 4585613 (D.S.C. Aug. 28, 2013) (adopting report and recommendation wherein

magistrate judge recognized that affidavits concerning petitioner's whereabouts at time of offense were not newly discovered evidence because petitioner knew "all along" where he was at the time of the crime).

To the extent that Petitioner claims that "record(s) of various federal law enforcement agencies" will corroborate his alibi, he has not attached any of those records to his petition and the same reasoning applies—Petitioner certainly should have known, or with a little effort could have recalled, where he was and whom he was with on December 20, 2000 when his friends were allegedly committing an armed home invasion and robbery of drugs from a known drug house. He should have made sure of those basic facts before pleading guilty to his role in the crime. (ECF No. 2 at 16; ECF No. 19 at 4). Obviously, Petitioner controlled this knowledge at the time that he pled guilty; therefore, he had the ability to obtain additional alibi evidence prior to entering his guilty plea, but he failed to do so. *See Villanueva v. United States*, 346 F.3d 55, 64 (2d Cir. 2003) (denying leave to file successive § 2255 motion where alibi affidavits could have been obtained by movant prior to filing first § 2255 motion). Consequently, the evidence is not newly discovered under § 2255(h)(1). Furthermore, Petitioner has not asserted in his petition or his responsive briefs that his claims are supported by "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[6] 28 U.S.C. § 2255(h)(2). Because the petition does not allege a potentially meritorious claim under either prong of § 2255(h), transfer to the Sixth Circuit is not "in the interest of justice."

Turning to the timeliness of this action, under the Anti–Terrorism and Effective

---

[6] To the extent that Petitioner relies on *Bailey*, that case "did not establish a new rule of constitutional law." *Rice*, 617 F.3d at 808. Furthermore, *Bailey* was certainly available to Petitioner at the time of his first § 2255 motion.

Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the petition, and recognizing that Respondent raised the statute of limitations issue in his Motion to Dismiss or Transfer, which Petitioner twice responded to, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3 or 4 of § 2255(f). While Petitioner might protest that § 2255(f)(4) should apply to his motion based on his alleged newly discovered evidence, as set forth above, that evidence undoubtedly could have been discovered through the exercise of due diligence prior the Petitioner's plea hearing in 2005, and thus, § 2255(f)(4) is inapplicable to Petitioner's claims. Therefore, subsection 1 of § 2255(f) applies.

Petitioner's judgment of conviction in the Michigan District Court became final for the purposes of § 2255(f)(1) on October 20, 2008, when the Supreme Court denied Petitioner's petition for a writ of certiorari. *See United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001) (holding that judgment of conviction for purposes of § 2255 motion becomes final when the Supreme Court denies certiorari). Accordingly, the last date on which Petitioner could have timely filed a motion under § 2255(f) was October 20,

2009. He did not file the instant petition until March 17, 2014. (ECF No. 2). Thus, the petition was clearly filed after expiration of the one-year limitation period.[7] The untimeliness of the petition provides an additional reason as to why transfer to the Sixth Circuit is not "in the interest of justice."

## III.   **Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 2) be **DENIED,** Petitioner's Motion for Summary Judgment (ECF No. 9) be **DENIED**, Respondent's Motion to Dismiss or Transfer (ECF No. 10) be **GRANTED** to the extent that it requests dismissal, and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

---

[7] In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1933-35, 185 L.Ed.2d 1019 (2013), the Supreme Court held that 28 U.S.C. § 2244(d)(1)(D), a provision of the statute of limitations for federal habeas petitions by state prisoners, did not preclude a federal court from "entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." In other words, a claim of actual innocence may excuse the statute of limitations for *first* 28 U.S.C. § 2254 petitions. It is unclear whether *McQuiggin* applies to § 2255(f), the statute of limitations for § 2255 motions. *Saunders v. United States*, No. 13-C-8399, 2014 WL 201880, at *2 (N.D. Ill. Jan. 17, 2014). Assuming that the actual innocence exception applies to the statute of limitations for § 2255 motions, there is no reason to believe that *McQuiggin* would affect the analysis of untimely successive motions. *See McQuiggin*, 133 S.Ct. at 1934 (describing exception as applicable to untimely *first* federal habeas petitions); *Candelario v. Warden*, ___ F. App'x ___, 2014 WL 6056234, at *1 (11th Cir. Nov. 14, 2014) (stating *McQuiggin* does not apply to successive petitions); *In re Warren*, 537 F. App'x 457, 457-58 (5th Cir. 2013) (holding *McQuiggin* did not apply to successive petitions); *Cox v. O'Brien*, No. 3:14-cv-21, 2015 WL 75055, at *4, *9 (N.D.W.Va. Jan. 6, 2015) (recognizing that *McQuiggin* only applies to untimely *first* habeas petitions); *Hyles v. United States*, No. 1:09CV105, 2014 WL 5421262, at *2 n.3 (E.D.Mo. Oct. 24, 2014) (same); *Ruff v. Perdue*, No. 3:13-cv-104, 2014 WL 4084326, at *5 (N.D.W.Va. Aug. 19, 2014) (adopting report and recommendation stating: "[N]othing in *McQuiggin* allows petitioner to repeatedly attempt to attack his ... conviction and sentence on the same grounds, through successive § 2244 or § 2255 motions, let alone via a § 2241 motion."). Accordingly, *McQuiggin* is immaterial to Petitioner's case.

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:** January 14, 2015

Cheryl A. Eifert
United States Magistrate Judge

18