# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

SANTIAGO SANTILLANA,

      Petitioner,

v.                           CIVIL ACTION NO.  5:14-cv-12474

MARK COLLINS, Acting Warden,
FCI Beckley,

      Respondent.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's *Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* (Document 2); Magistrate Judge Cheryl Eifert's *Proposed Findings and Recommendations* (PF&R) (Document 23) and the *Petitioner's Traverse Brief Setting Forth Meritorious Objections to the Proposed Findings and Recommendations of United States Magistrate Judge Cheryl A. Eifert Recommending the United States District Court Deny Petitioner's Petition for a Writ of Habeas Corpus and Further Deny Petitioner's Motion Requesting Summary Judgment* (Document 27) (hereinafter, Objections).

The Court has additionally reviewed the filings below, including the *Petitioner's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure 56(a)(c)(d)* (Document 9), the *Respondent's Response to Petitioner's Motion for Summary Judgment* (Document 18), the *Respondent's Motion to Dismiss or Transfer* (Document 10) and exhibits (Document 10-1), the *Respondent's Memorandum in Support of Motion to Dismiss or Transfer* (Document 11), the *Petitioner's Response Brief Outlining Objections and Arguments to the Government's Response*

*Brief...* (Document 19), the *Respondent's Reply in Support of Motion to Dismiss or Transfer* (Document 20) and attached exhibit (Document 20-1), and the *Petitioner's Reply to the Government's Motion to Dismiss or Transfer* (Document 21).  For the reasons stated herein, the Court finds that the PF&R should be adopted.

## I.   FACTUAL AND PROCEDURAL HISTORY

By *Standing Order* (Document 3) filed on March 31, 2014, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  Magistrate Judge Eifert's PF&R sets forth in detail the procedural and factual history surrounding the petition.  The Court now incorporates by reference those facts and procedural history, but in order to provide context for the ruling herein, the Court provides the following summary.

Petitioner Santiago Santillana pled guilty to two counts of using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), on August 19, 2005.  He admitted to being the lookout while armed associates entered a house and stole drugs.  The offenses occurred on December 20, 2000 (Count 5) and on January 16, 2001 (Count 6).  He was sentenced to eighty-four (84) months of imprisonment for Count 5 and to one hundred fifty-six (156) months of imprisonment for Count 6, to run consecutively.  He appealed his sentence to the Sixth Circuit Court of Appeals, which affirmed the sentence.  On August 31, 2009, he filed a petition pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel.  His petition was denied.

The Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 on March 17, 2014. He asserts that he is innocent of Count 5, the offense which took place on December 20, 2000, that his counsel was ineffective, and that there were sentencing errors.  He claims that the crime to which he pled guilty in Count 5 did not take place, asserting that there was no breaking and entering of the address in question on December 20, 2000.

The Petitioner's motion for summary judgment asserts that the Respondent's failure to respond within the time frame ordered by the Magistrate Judge reflected its acknowledgement that his claims were meritorious.  The Magistrate Judge granted the Respondent's motion for an extension of the time to file a response, finding good cause.  The Respondent argues that its motion to extend time and its response mooted the Petitioner's motion for summary judgment. The Magistrate Judge found that the Respondent was correct, and further explained that the Petitioner was essentially requesting default judgment, a remedy generally unavailable in the context of habeas petitions.

The Respondent's motion to dismiss asserts that the Petitioner's challenge to the validity of his conviction and sentence, though styled as a § 2241 petition, is an untimely and successive §2255 petition.  (Resp. Mem. in Supp. of Mot. to Dismiss, 4.)  The Petitioner responds that his claims fall within the "savings clause" of § 2255, which permits § 2241 petitions where § 2255 is "inadequate or ineffective."  (Pet.'s Resp. to Mot. to Dismiss, 2–3.)  The Magistrate Judge found that the Petitioner's claim did not meet the gatekeeping requirements set forth in *In re Jones*, 226, F.3d 328 (4th Cir. 2000), and therefore could not be evaluated under § 2241.

The Petitioner filed his objections to the PF&R within the timeframe ordered by this Court.

## II.    STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  When reviewing portions of the PF&R *de novo*, the Court will consider the fact that the Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## III.    DISCUSSION

The Petitioner objects to the Magistrate Judge's recommendation that his motion for summary judgment be denied.  He persists in his argument that "when the Government blatantly disregards a Court's Order to respond to Petitioner's motion or capriciously ignores the true facts of the case that would exonerate the defendant, summary judgment is indeed appropriate."  (Obj. at 16)(emphasis removed.)   As Magistrate Judge Eifert explained, when she granted the Government's motion to extend the response deadline, the Petitioner's motion based on the Government's failure to respond within the deadline became moot.

The Petitioner now additionally argues that summary judgment is appropriate because he is actually innocent of one of the counts to which he pled guilty, based on the facts presented in

4

his petition and in the briefing on the Respondent's motion to dismiss.  Because that was not the basis of his initial motion for summary judgment, it is not properly before the Court.  Further, for the reasons stated below, he is not entitled to summary judgment.

The Petitioner devotes the bulk of his objections to the Magistrate Judge's recommendation that the Court grant the motion to dismiss.[1]  He contends that his claim of innocence is properly before the Court in a motion pursuant to 28 U.S.C. § 2241.  He argues that (a) claims of actual innocence must be heard if failure to do so would result in a miscarriage of justice, (b) Section 2255 is inadequate or ineffective to test the legality of his conviction, and (c) he is "challenging the **execution** of an invalid sentence," as appropriate in a § 2241 petition. (Obj. at 8)(emphasis in original.)

He explains that, although "he was previously involved as a 'lookout' during home invasion robberies," witnesses would attest to the fact that he was not involved in a robbery on December 20, 2000.  (Obj. at 13.)   In fact, he contends there was no robbery at the address in question on December 20, 2000.  (*Id.* at 5.)  Therefore, he asserts that he is innocent of the charge and serving any continued term of imprisonment would be a miscarriage of justice.  He further argues that his assertedly ineffective defense attorney and the U.S. Attorney's office tricked him into pleading guilty "to what he was led to believe and presumed was another date and time when he had actually acted as a 'lookout' for the robbery of drugs from a known drug house." (*Id.*)

As an initial matter, the Petitioner is clearly challenging the validity of his conviction and sentence, rather than its execution.  The statutory framework for post-conviction relief from

---

[1] Petitioner did not address the Magistrate Judge's discussion of whether to construe his filing as a motion for prefiling authorization for a successive § 2255 petition and transfer it to the Sixth Circuit.  With no objection to that analysis, the Court will consider the Petitioner's filing pursuant to § 2241.

federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief.  A Section 2241 petition attacks the manner in which a sentence is executed, *see* 28 U.S.C. § 2241(a), while a Section 2255 motion challenges the validity of a conviction or sentence.  *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).  To challenge the validity of a conviction or sentence, the petitioner must bring the motion in the court which imposed the sentence.  28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).  "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008).  A challenge to the calculation of a defendant's sentence or the application of sentencing guideline provisions is properly brought in a Section 2255 post-conviction motion.

Here, it is undeniable that the thrust of Petitioner's challenge should be borne in a Section 2255 motion.  Because he previously filed a § 2255 motion that was denied on the merits, and because he did not receive a certificate of appealability authorizing him to file a successive § 2255 motion, he is procedurally barred from bringing his claims under § 2255.  However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a Section 2241 petition, under the oft-referenced "savings clause" of Section 2255.  Section 2255(e) of Title 28 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

6

> him, or that such court has denied him relief, unless it also appears
> that the remedy by motion is *inadequate or ineffective to test the*
> *legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).  Relevant to the matter currently before this Court, the "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[,]"  *Vial*, 115 F.3d at 1194, or "merely because an individual is unable to obtain relief under that provision."  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit Court of Appeals has recognized that the savings clause applies only in very limited circumstances.  A petitioner wishing to assert a challenge to the validity of his sentence may not bring a Section 2241 petition until he or she has shown that Section 2255 is an inadequate or ineffective remedy.  Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the
> Supreme Court established the legality of the conviction; (2)
> subsequent to the prisoner's direct appeal and first § 2255 motion,
> the substantive law changed such that the conduct of which the
> prisoner was convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provisions of § 2255
> because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34; *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011) (unpublished decision).  The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective.  *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision).  The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241.

The Petitioner does not suggest that any law changed between his 2005 conviction and sentence and today.  The conduct for which he was convicted—use of a firearm during and in relation to a drug trafficking offense—remains criminal.  He simply contends that he did not do it, or at least not on one of the dates to which he pled guilty.  Even his claim of innocence is not based on previously unavailable information.  He knew at the time of his guilty plea whether he was present at a home invasion on December 20, 2000. He even states the he "went to great lengths to apprise defense counsel [], the U.S. Attorney's Office and the F.B.I. [] of this fact." (Obj. at 5.)  Accordingly, the Petitioner is procedurally barred from bringing his claims in a §2241 petition.[2]  The Magistrate Judge's PF&R must be adopted, and Mr. Santillana's petition must be denied.

## *CONCLUSION*

Wherefore, for the reasons stated above, the Court **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation (Document 23) be **ADOPTED,** that the *Petitioner's Traverse Brief Setting Forth Meritorious Objections to the Proposed Findings and Recommendations of United States Magistrate Judge Cheryl A. Eifert Recommending the United States District Court Deny Petitioner's Petition for a Writ of Habeas Corpus and Further Deny Petitioner's Motion Requesting Summary Judgment* (Document 27) be **OVERRULED**, and that Petitioner's *Application Under 28 U.S.C. § 2241 For Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 2) be **DENIED**.  The Court further **ORDERS** that the *Petitioner's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure 56(a)(c)(d)*

---

[2] The Court notes that a § 2255 petition could not be brought in this district.  As the Magistrate Judge found, transfer would be futile in this case because it would be a successive petition, it is well beyond the statute of limitations, and the Petitioner's claim does not involve previously unavailable information or a new rule of constitutional law.  The Petitioner did not challenge the conclusion regarding transfer.

(Document 9) be **DENIED** and that the *Respondent's Motion to Dismiss or Transfer* (Document 10) be **GRANTED** to the extent it seeks dismissal.  Finally, the Court **ORDERS** that this matter be **STRICKEN** from the docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Cheryl A. Eifert, to counsel of record, and to any unrepresented party.


ENTER:          February 26, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA